KEVIN V. RYAN (CASBN 118321)
United States Attorney

MARK L. KROTOSKI (CASBN 138549)
Chief, Criminal Division

GARTH HIRE (CASBN 187330)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, California 94612-5217
   Telephone: (510) 637-3929
   Facsimile: (510) 637-3724
   E-Mail: Garth.Hire@usdoj.gov

Attorneys for Plaintiff

FILED
FEB 8 - 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>JEFFREY EUGENE BROWN,<br><br>   Defendant. | No. 4 06-MJ-70685 WDB<br><br>STIPULATION AND [PROPOSED]<br>ORDER TO CONTINUE HEARING AND<br>EXCLUDE TIME UNDER THE SPEEDY<br>TRIAL ACT |

     Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorney Garth Hire, and defendant Jeffrey Eugene Brown ("defendant"), by and through his counsel of record, Harry C. Singer, hereby stipulate as follows:

     1. Defendant is charged in a criminal complaint alleging violations of 21 U.S.C. § 841(a)(1). The complaint was filed on October 24, 2006. Defendant was arrested and made his initial appearance before the Honorable Wayne D. Brazil, United States Magistrate Judge for the Northern District of California, on October 26, 2006. On October 31, 2006, defendant again appeared before the Court and waived his right to preliminary hearing or examination pursuant to

STIPULATION AND PROPOSED ORDER TO CONTINUE
HEARING AND EXCLUDE TIME UNDER
THE SPEEDY TRIAL ACT

cc: WDB's Stats, Copy to parties via ECF,
   certified copy to Marshal

Federal Rule of Criminal Procedure 5.1 and waived his right to be charged by information or indictment pursuant to the Speedy Trial Act of 1974, 18 U.S.C. § 3161(b), until November 27, 2006.

2. On November 27, 2006, defendant again appeared before the Court and waived his right to preliminary hearing or examination pursuant to Federal Rule of Criminal Procedure 5.1 and waived his right to be charged by information or indictment pursuant to the Speedy Trial Act of 1974, 18 U.S.C. § 3161(b), until January 5, 2007.

3. On January 5, 2007, defendant again appeared before the Court and waived his right to preliminary hearing or examination pursuant to Federal Rule of Criminal Procedure 5.1 and waived his right to be charged by information or indictment pursuant to the Speedy Trial Act of 1974, 18 U.S.C. § 3161(b), until January 19, 2007.

4. On January 17, 2007, by stipulation and proposed order, the parties jointly moved to continue the preliminary hearing or examination and status conference scheduled for January 19, 2007, to February 9, 2007. In doing so, defendant waived his right to preliminary hearing or examination pursuant to Federal Rule of Criminal Procedure 5.1 and waived his right to be charged by information or indictment pursuant to the Speedy Trial Act of 1974, 18 U.S.C. § 3161(b), until February 9, 2007. On January 19, 2007, this Court signed an order continuing the hearing and delaying the preliminary hearing and excluding time under the Speedy Trial Act.

5. By stipulation and proposed order, the parties jointly move to vacate the hearing currently scheduled for February 9, 2007, and ask that the matter be placed on this Court's calendar for preliminary hearing or examination and status conference at 10:00 a.m. on March 2, 2007. Defendant also waives his right to preliminary hearing or examination pursuant to Federal Rule of Criminal Procedure 5.1 and waives his right to be charged by information or indictment pursuant to the Speedy Trial Act of 1974, 18 U.S.C. § 3161(b), until March 2, 2007.

6. The parties agree and stipulate, and request that the court find the following:

    a. The ends of justice outweigh the interest of the public and the defendant in the filing of an information or indictment within the date prescribed by the Speedy Trial Act

STIPULATION AND PROPOSED ORDER TO CONTINUE
HEARING AND EXCLUDE TIME UNDER
THE SPEEDY TRIAL ACT

2

because:

   (i) Defendant's counsel is in Los Angeles this week and unable to review the proposed pre-indictment plea agreement in this case with his counsel. In addition, government counsel will be out of the district from February 12 to February 22, 2007.

   (ii) The defendant and his counsel require additional time for effective preparation, taking into account the exercise of due diligence, including consideration of whether pre-indictment and pre-trial motions are appropriate, to determine whether this case will proceed to indictment and trial, and to adequately prepare for indictment and trial;

   (iii) Defense counsel represents that he has conferred with his client regarding a continuance of the time to be charged by indictment or information, has advised defendant of his rights under the Speedy Trial Act, defendant understands the ramifications of requesting a continuance, and defendant consents to a continuance of the deadline to be charged by indictment or information;

   (iv) The parties believe that failure to grant the above-requested continuance would deny defense counsel and the defendant the reasonable time necessary for effective preparation taking into account the exercise of due diligence.

  b. Based on the foregoing, the parties request that the Court find that for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161(b), within which an information or indictment must be filed, the time period of February 9, 2007, to March 2, 2007, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(8)(A)(iv) because:

   (i) As detailed in Section 6(a) above, the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a filing of an information or indictment within the period specified in section 3161(b).

///

///

///

STIPULATION AND PROPOSED ORDER TO CONTINUE
HEARING AND EXCLUDE TIME UNDER
THE SPEEDY TRIAL ACT

7. The parties agree and stipulate and request that the Court find that nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which an information or indictment must be filed.

IT IS SO STIPULATED.

                                            KEVIN V. RYAN
                                            United States Attorney

Dated: 2/6/07                      /s/[1]
                                            GARTH HIRE
                                            Assistant United States Attorney

Dated: 2/6/07                      /s/
                                            HARRY C. SINGER
                                            Attorney for Defendant

## ORDER

IT IS SO FOUND AND ORDERED this 8 day of February, 2007.

                                            HONORABLE WAYNE D. BRAZIL
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] I hereby attest that I have on file all the holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

STIPULATION AND PROPOSED ORDER TO CONTINUE
HEARING AND EXCLUDE TIME UNDER
THE SPEEDY TRIAL ACT

4